JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

13-CV-2161

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel Amil Torres
1018 W Russel St Philadelphia, Pa 19140

**DEFENDANTS**
THE CITY OF PHILADELPHIA
1515 Arch St 14th Flr, Philadelphia PA 19102
John Doe 1-4

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael E Stosic
124 Chestnut St
Philadelphia, Pa 19106    Phone: 215-913-5300

Attorneys *(If Known)*
Philadelphia Law Department
1515 Arch St -14th Flr
Philadelphia, Pa 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 usc 1983 / state torts
Brief description of cause:
excessive force / torts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 04/20/2013
SIGNATURE OF ATTORNEY OF RECORD: Michael E Stosic

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE          APR 22 2013

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1018 W. Russel St. Philadelphia, PA 19140

Address of Defendant: 1515 Arch St - 14th flr, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 1018 W. Russel St. Philadelphia, PA 19102
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Michael F. Stosic, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/22/13     Michael Stosic     90763
Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/22/13     Michael Stosic     90763
Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

APR 22 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Daniel Amil Torres            :   CIVIL ACTION
         v.                   :
City of Philadelphia          :   13    2161
John Doe 1-4                  :   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

4/20/13          Michael Stosic           Daniel Amil Torres
**Date**         **Attorney-at-law**     **Attorney for**

215-913-5300     267-399-6282            Stosic_m@Stosiclaw.com
**Telephone**    **FAX Number**          **E-Mail Address**

                                         Stosic_m@Stosiclaw.com

(Civ. 660) 10/02

APR 22 2013


Michael E. Stosic, Esq.
124 Chestnut Street
Philadelphia, Pa 19106
Phone/Fax: 215-913-5300/267-299-6282

| | |
|---|---|
| DANIEL AMIL TORRES<br>1018 W RUSSELL ST<br>PHILADELPHIA, PA 19140<br><br>V<br><br>CITY OF PHILADELPHIA<br>C/O CITY OF PHILADELPHIA LAW DEPARTMENT<br>1515 ARCH STREET , 14TH FLOOR<br>PHILADELPHIA, PA 19102<br><br>AND<br><br>JOHN DOE<br>CURRENTLY UNAMED AND UNKNOWN CITY OF PHILADELPHIA POLICE OFFICERS<br><br>And<br><br>JOHN DOE<br>CURRENTLY UNAMED AND UNKNOWN CITY OF PHILADELPHIA POLICE OFFICERS<br><br>And<br><br>JOHN DOE<br>CURRENTLY UNAMED AND UNKNOWN CITY OF PHILADELPHIA POLICE OFFICERS<br><br>And<br><br>JOHN DOE<br>CURRENTLY UNAMED AND UNKNOWN CITY OF PHILADELPHIA POLICE OFFICERS | **UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### INTRODUCTION

Daniel Torres brings this action under 42 U.S.C. § 1983 after being beaten and stomped by Philadelphia Police Officers while handcuffed. The beating caused severe welts, lacerations, a fractured wrist and separated shoulder along with other injuries.

### PARTIES

1. Plaintiff, DANIEL AMIL TORRES, is an individual with an address at 1018 W RUSSELL ST PHILADELPHIA, PA 19140.

2. Defendant, the city of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the currently unnamed and unknown City of Philadelphia Police officers referred to in the caption above.

3. John Doe's collectively are currently unnamed and unknown city of Philadelphia Police officers and employees of the City of Philadelphia, acting under the color of state law, and are being sued in their official and individual capacities.

### JURISDICTION AND VENUE

4. All prior paragraphs are adopted by reference and realleged as though fully set forth.

5. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 u.s.c. § 1331 and 1343 (1), (3) (4) and the aforementioned statutory provision.

6. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 u.s.c. s 1367 (a)

7. Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to the parties residing and the incident occurring in the Philadelphia, Pennsylvania.

## FACTUAL ALLEGATIONS
42 U.S.C. 1983

8. All prior paragraphs are adopted by reference and realleged as though fully set forth.

9. On or around, July 7, 2012, in or around 11:00 pm, Daniel was standing in front of 1018 W RUSSELL ST, PHILADELPHIA, PA 19140. (herein after "property")

10. At that time, one marked police vehicle pulled up in front of the property and two police officers exited the car. The cops walked towards the property when Daniel Torres told the officers that they needed a search warrant to enter the property.

11. The police officer responded that, he will do whatever he wanted. The police ignored the statement of Daniel Torres.

12. At this point, the officers turned around with one pulling out a gun and the other a taser. It is averred that they must have called for back up because soon thereafter at least 5-10 officers arrived and an officer unknown to Daniel came up from behind and starting choking him while another officer grabbed him and threw Daniel to the ground.

13. The officers handcuffed behind his back him while he was subdued and one stated to Deaniel, "you wanna be a tough guy" and then proceeded to start striking him on the right side of his ribs.

14. The officer kept yelling at Daniel to apologize for questioning their right to enter the property without a warrant. The officers then struck Daniel repeatedly on the back. Daniel and others watching were asking the officer stop beating Daniel but the officer refused to stop beating Daniel and the other officers just watched and did not intervene. The beating caused bruising and lacerations to the back of Daniel.

15. After the beating, the Officer kept repeating the same concepts about Daniel telling the officer to not enter his home without a warrant and whether Daniel thought he was tough.

16. The officer, while Daniel was in handcuffs and after beating him repeatedly on the back, in a rage started stomping on Daniels handcuffed wrists.

17. This action caused a fracture to the wrist of Daniel Torres and a separated shoulder.

18. At all times relevant, the other unknown officers witnessed the incident and did not intervene to stop the officer and, in fact, actively participated in the incident by grabbing cell phones so the incident was not recorded

19. There were parties filming with their cell phones and a camera was installed in the front of the property. The officers entered the property and removed the SD card from the camera so the incident was not recorded.

20. Daniel was arrested and the police refused to take Daniel to the Hospital that evening despite the obvious wounds from the beating and stomping.

21. In fact, the cops found humor in the fact that they knew Daniel would be permanently hurt.

22. The injuries were the proximate result of the actions of the Defendants.

23. Daniel has suffered injuries that are severe and permanent.

## FIRST CAUSE OF ACTION – THE MUNCIPALITY OF PHILADELPHIA
(42 U.S.C. § 1983 )

24. All prior paragraphs are adopted by reference and realleged as though fully set forth.

25. The City of Philadelphia through it employees, agents and/or any other party failed in it's duties when if failed to properly train, monitor and/or otherwise manage it's employees on:

   a. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

   b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

   c. Their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's office and the court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished. unlawful arrest, or to achieve ends not reasonably related to their police duties ;and The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

26. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers.

27. The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct;.

28. The City of Philadelphia failed to properly sanction or discipline officers and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

29. The City of Philadelphia, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution when the officers used this potential deadly force and excessive force on Daniel Ramos.

30. The Defendants have by the above described actions were the proximate cause of Daniel's injuries and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

31. Daniel has suffered horrible injuries that are serious and permanent.

WHEREFORE , Plaintiff requests the following relief:

a. Compensatory damages and or other available damages;

b. Reasonable Attorney's Fees and costs;

d. such other and further relief as appears reasonable and just;

e. A jury trial as to each Defendant as to each count.

### SECOND CAUSE OF ACTION AGAINST ALL JOHN DOE OFFICERS IN THEIR INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY TO EACH JOHN DOE OFFICER

32. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

33. John Doe Defendant s used unlawful force against Daniel to effect an unlawful arrest

and/or did not intervene while he was being beaten and/or actively participated by taking and smashing cell phones that were recording the incident.

34. Even if the arrest would have been lawful, the forced used by the unknown John Doe officers to effect the arrest was excessive and therefore unlawful.

35. The officers used excessive and unlawful force against Daniel after he was handcuffed and sitting on the curb.

36. The officers showed clear evil intent or motive and/or "reckless or callous indifference" when they beat Daniel on his back causing severe welts and bruising after he was handcuffed and sitting on the ground.

37. The officers clear evil intent or motive and/or "reckless or callous indifference" was further established when, after handcuffed and beaten, they stomped on Daniel causing a fractured wrist and separated shoulder.

38. The officers clear evil intent or motive and/or "reckless or callous indifference" is without dispute when, after having time to contemplate their actions, and, Daniel sitting in a jail cell suffering, they still refused to take Daniel to the hospital and took pleasure in the fact that he was horribly injured.

39. The Unknown Officers, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution when they used this potential deadly force and excessive force on Daniel Ramos.

40. The Defendants have by the above described actions were the proximate cause of Daniel's injuries and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution .

41. Daniel has suffered horrible injuries which are serious and permanent.

WHEREFORE, Plaintiff requests the following relief:

a. compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. such other and further relief as appears reasonable and just;

e. A jury trial as to each Defendant and as to each count.


### THIRD CAUSE OF ACTION SUPPLEMENTAL STATE CLAIMS

42. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

43. The acts and conduct of the City of Philadelphia Defendants, including its' Police officers, in this cause of action constitute assault, battery, intentional infliction of emotional distress, and malicious prosecution under the laws of the commonwealth of Pennsylvania, and this court has supplement al jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a. compensatory damages;

b. Punitive damages;

c. Reasonable Attorney's fees and costs;

d. such other and further relief as appears reasonable and just;

e. A jury tri al as to each Defendant and as to each count.

Respectfully,

/s/

Michael E. Stosic, Esq.
124 Chestnut Street
Philadelphia, Pa 19106