Michael E. Stosic, Esq.
124 Chestnut Street
Philadelphia, Pa 19106
Phone/Fax: 215-913-5300/267-299-6282

| | |
|---|---|
| DANIEL AMIL TORRES<br>1018 W RUSSELL ST<br>PHILADELPHIA, PA 19140<br><br>V<br><br>CITY OF PHILADELPHIA<br>C/O CITY OF PHILADELPHIA LAW<br>DEPARTMENT<br>1515 ARCH STREET , 14TH<br>FLOOR<br> PHILADELPHIA, PA 19102<br><br>AND<br><br>**JAMES BOONE, JR**<br><br>And<br><br>**THOMAS BELLON**<br>And<br><br>**SERGEANT DAVID PINKERTON**<br>And<br><br>**SERGEANT WALI SHABAZZ** | **UNITED STATES DISTRICT<br>FOR THE EASTERN DISTRICT<br>OF PENNSYLVANIA**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>NO: 2013 – CV-2161 |

## FIRST AMENDED COMPLAINT

## INTRODUCTION

Daniel Torres brings this action under 42 U.S.C. § 1983 after being beaten and stomped by Philadelphia Police Officers while handcuffed. The beating caused severe welts, lacerations, a fractured wrist and separated shoulder along with other injuries.

## PARTIES

1. Plaintiff, DANIEL AMIL TORRES, is an individual with an address at 1018 W

   RUSSELL ST PHILADELPHIA, PA 19140.

2. Defendant, the city of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the currently unnamed and unknown City of Philadelphia Police officers referred to in the caption above.

3. THOMAS BELLON, JAMES BOONE, JR, SERGEANT WALI SHABAZZ AND SERGEANT DAVID PINKERTON  as Philadelphia Police officers/Sergeants and employees of the City of Philadelphia, acting under the color of state law, and are being sued in their official and individual capacities.

## JURISDICTION AND VENUE

4. All prior paragraphs are adopted by reference and realleged as though fully set forth.

5. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 u.s.c. § 1331 and 1343 (1), (3) (4) and the aforementioned statutory provision.

6. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 u.s.c. s 1367 (a)

7. Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to the parties residing and the incident occurring in the Philadelphia, Pennsylvania.

## FACTUAL ALLEGATIONS
### 42 U.S.C. 1983

8. All prior paragraphs are adopted by reference and realleged as though fully set forth.

9. On or around, July 7, 2012, in or around 11:00 pm, Daniel was standing in front of 1018 W RUSSELL ST, PHILADELPHIA, PA 19140. (herein after "property")

10. At that time, one marked police vehicle pulled up in front of the property and two police officers exited the car. The cops walked towards the property when Daniel Torres told the officers that they needed a search warrant to enter the property.

11. The police officer responded that, he will do whatever he wanted. The police ignored the statement of Daniel Torres.

12. At this point, the officers turned around with one pulling out a gun and the other a taser. It is averred that they must have called for back up because soon thereafter at least 5-10 officers arrived and an officer unknown to Daniel came up from behind and starting choking him while another officer grabbed him and threw Daniel to the ground.

13. The officers handcuffed behind his back him while he was subdued and one stated to Deaniel, "you wanna be a tough guy" and then proceeded to start striking him on the right side of his ribs.

14. The officer kept yelling at Daniel to apologize for questioning their right to enter the property without a warrant. The officers then struck Daniel repeatedly on the back. Daniel and others watching were asking the officer stop beating Daniel but the officer refused to stop beating Daniel and the other officers just watched and did not intervene. The beating caused bruising and lacerations to the back of Daniel.

15. After the beating, the Officer kept repeating the same concepts about Daniel telling the officer to not enter his home without a warrant and whether Daniel thought he was tough.

16. The officer, while Daniel was in handcuffs and after beating him repeatedly on the back, in a rage started stomping on Daniels handcuffed wrists.

17. This action caused a fracture to the wrist of Daniel Torres and a separated shoulder.

18. At all times relevant, the other unknown officers witnessed the incident and did not intervene to stop the officer and, in fact, actively participated in the incident by grabbing cell phones so the incident was not recorded

19. There were parties filming with their cell phones and a camera was installed in the front of the property. The officers entered the property and removed the SD card from the camera so the incident was not recorded.

20. Daniel was arrested and the police refused to take Daniel to the Hospital that evening despite the obvious wounds from the beating and stomping.

21. In fact, the cops found humor in the fact that they knew Daniel would be permanently hurt.

22. The injuries were the proximate result of the actions of the Defendants.

23. Daniel has suffered injuries that are severe and permanent.

### FIRST CAUSE OF ACTION – THE MUNCIPALITY OF PHILADELPHIA
(42 U.S.C. § 1983 )

24. All prior paragraphs are adopted by reference and realleged as though fully set forth.

25. The City of Philadelphia through it employees, agents and/or any other party failed in it's duties when if failed to properly train, monitor and/or otherwise manage it's employees on:

   a. The use of unreasonable force, including potentially deadly force, excessive force and unlawful seizure by police;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force and unlawful seizure;

c. Their status as police officers to selectively provide false and misleading evidence to the Philadelphia District Attorney's office and the court to attempt to ensure convictions and/or false imprisonment pending preliminary hearings and/or trials, against persons whom they selectively desire to be punished. unlawful arrest, or to achieve ends not reasonably related to their police duties ;and The failure of police officers to follow established policies, procedures, directives and instructions regarding how to properly investigate crimes.

26. The monitoring of police officers whom it knew or should have known were suffering from emotional and/or psychological problems which impaired their ability to function as officers.

27.    The failure to identify and take remedial or disciplinary action against police officers who were subject of prior civilian or internal complaints of misconduct;.

28. The City of Philadelphia failed to properly sanction or discipline officers and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

29. The City of Philadelphia, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution when the officers used this potential deadly force and excessive force on Daniel Ramos.

30. The Defendants have by the above described actions were the proximate cause of

Daniel's injuries and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

31. Daniel has suffered horrible injuries that are serious and permanent.

WHEREFORE , Plaintiff requests the following relief:

a.      Compensatory damages and or other available damages;

b.      Reasonable Attorney's Fees and costs;

d.      such other and further relief as appears reasonable and just;

e.      A jury trial as to each Defendant as to each count.

**SECOND CAUSE OF ACTION AGAINST THOMAS BELLON, JAMES BOONE, JR, SERGEANT WALI SHABAZZ AND SERGEANT DAVID PINKERTON IN THEIR INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY TO EACH JOHN DOE OFFICER**

32. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

33. THOMAS BELLON and JAMES BOONE, JR used unlawful force against Daniel to effect an unlawful arrest and/or  SERGEANT WALI SHABAZZ AND SERGEANT DAVID PINKERTON did not intervene while he was being beaten and/or actively participated by taking and smashing cell phones that were recording the incident and actively trying to cover up the episode by failing to file proper reports and/or bury the incident.

34. Even if the arrest would have been lawful, the forced used by THOMAS BELLON, and JAMES BOONE, JR to effect the arrest was excessive and therefore unlawful.

35. The officers used excessive and unlawful force against Daniel after he was handcuffed and sitting on the curb.

36. The officers showed clear evil intent or motive and/or "reckless or callous indifference" when they beat Daniel on his back causing severe welts and bruising after he was handcuffed and sitting on the ground.

37. The officers clear evil intent or motive and/or "reckless or callous indifference" was further established when, after handcuffed and beaten, they stomped on Daniel causing a fractured wrist and separated shoulder.

38. The officers clear evil intent or motive and/or "reckless or callous indifference" is without dispute when, after having time to contemplate their actions, and, Daniel sitting in a jail cell suffering, they still refused to take Daniel to the hospital and took pleasure in the fact that he was horribly injured.

39. The Officers, as alleged in the Factual Allegations, violated the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited those secured by the Fourth amendment to the Constitution when they used this potential deadly force and excessive force on Daniel Ramos.

40. The Defendants have by the above described actions were the proximate cause of Daniel's injuries and deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution .

41. Daniel has suffered horrible injuries which are serious and permanent.

WHEREFORE, Plaintiff requests the following relief:

a.      compensatory damages;

b.      Punitive damages;

c .     Reasonable Attorney' s fees and costs;

d.      such other and further relief as appears reasonable and just;

e.      A jury trial as to each Defendant and as to each count.

## THIRD CAUSE OF ACTION SUPPLEMENTAL STATE CLAIMS

42. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

43. The acts and conduct of the City of Philadelphia Defendants, including its' Police officers, in this cause of action constitute assault, battery, intentional infliction of emotional distress , and malicious prosecution under the laws of the commonwealth of Pennsylvania, and this court has supplement al jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a.    compensatory damages;

b.    Punitive damages;

c .    Reasonable Attorney' s fees and costs;

d.    such other and further relief as appears reasonable and just;

e.    A jury tri al as to each Defendant and as to each count.

Respectfully,

Michael E Stosic, Esq.